**Michael–Tony VELEZ, Plaintiff,**

v.

**Roger HAYES, et al., Defendants.**

**No. 04 Civ. 1306(VM).**

United States District Court,
S.D. New York.

Nov. 29, 2004.

---

**558**

Michael-Tony Velez, Stormville, NY, pro se.

### DECISION AND ORDER

MARRERO, District Judge.

*Pro se* plaintiff Michael–Tony Velez ("Velez") brought an amended complaint under 42 U.S.C. § 1983 alleging his rights were violated by several defendants during and after his July 16, 2002 arrest in a New York City subway station. Defendant Roger Hayes ("Hayes") moves this Court to dismiss Velez's complaint. For the reasons discussed below, Hayes's motion is granted. Additionally, all claims against defendant H. Hershel Katz ("Katz") are dismissed. The allegations of assault in the Amended Complaint are dismissed without prejudice. Velez is directed to file a second amended complaint in compliance with this Order within thirty (30) days of his receipt of this Order, or in any event, by January 10, 2005. If he fails to do so without sufficient cause, the entire action will be dismissed with prejudice.

## I. BACKGROUND [1]

Velez was arrested on July 16, 2002, at the 42nd Street and 8th Avenue subway station in New York City. During the arrest, his right hand was injured. Velez was charged with assaulting three police officers, but he disputes the officers' account of his arrest. He claims that he was assaulted by certain police officers because he refused to sell drugs for them.

Defendant Justice Roger Hayes ("Hayes"), of the New York State Supreme Court, presided over Velez's criminal trial. Velez alleges that he first appeared before Hayes on May 20, 2003 wearing a cast on his wrist because of a broken bone in his right hand. Velez informed Hayes that he was scheduled for surgery on the following day, May 21, 2003. The next day, Velez appeared in court and Hayes allowed him to go to the hospital to see his orthopedic surgeon. Velez claims that Hayes called the hospital twice that day. Hayes allegedly first called the hospital to verify that Velez was actually there, and later called to instruct the surgeon to postpone the surgery until after Velez's criminal trial. The trial began May 22, 2003 and ended with Velez's conviction on May 29, 2003. Velez was found guilty of three counts of assaulting a police officer in violation of New York Penal Law ("NYPL") § 120.05(3), one count of criminal possession of a weapon in violation of NYPL § 265.02(1), two counts of criminal possession of a controlled substance in violation of NYPL § 220.06(5) and 220.03, respectively, and one count of unlawful possession of marihuana in violation of NYPL § 221.05.

On September 26, 2003, this Court's *Pro Se* Office received Velez's original complaint alleging constitutional violations under § 1983 (hereinafter, "Original Complaint"). The action named numerous defendants, including those named in the instant Amended Complaint. Chief Judge Mukasey of this District reviewed the Original Complaint and issued the Dismissal Order on February 1, 2004, dismissing the Original Complaint in its entirety after concluding that Velez's claims related to his arrest and conviction could not be maintained under the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and abstention doctrine prohibiting the use of federal courts as a means of collaterally challenging state criminal enforcement proceedings, *see Younger v. Harris*, 401 U.S. 37, 43–44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The Dismissal Order further prohibited Velez from bringing any claims against Hayes; Hayes's law clerk; Justin Shur, the Assistant District Attorney who prosecuted Velez; and H. Hershel Katz ("Katz"), Velez's defense attorney. The Dismissal Order granted Velez limited leave to amend the complaint in order to further detail his allegations of assault and deliberate indifference to medical needs. Upon Velez's submission of the Amended Complaint, his case was transferred to this Court.

The Court finds that the Amended Complaint fails to comply with the Dismissal Order. Velez is directed to file a second

---

1. The following factual and procedural summary is derived primarily from the following documents: Plaintiff's Complaint under 42 U.S.C. § 1983, No. 04 Civ. 1306, dated Sept. 23, 2003 ("Original Compl."); Judge Mukasey's Order, dated Feb. 1, 2004 ("Dismissal Order"); Plaintiff's Amended Complaint, dated Mar. 19, 2004 ("Amended Compl."); Defendant Hayes's Memorandum of Law In Support of Motion to Dismiss the Complaint, dated July 20, 2004 ("Gov't Mem."); Plaintiff's Opposition of Defendant Hayes Motion to Dismiss, dated July 27, 2004 ("Opp.Mem."). Except where specifically referenced, no further citation to these sources will be made.

amended complaint in compliance with this Order within thirty (30) days of his receipt of this Order, or in any event, by January 10, 2005.[2] If he fails to do so without sufficient cause, the entire action will be dismissed with prejudice.

## II.  DISCUSSION

The Court dismisses Velez's Amended Complaint in its entirety for failure to comply with Judge Mukasey's Order. Velez's contention that the amended complaint has already been reviewed for compliance has no merit. As discussed below, the majority of the claims are dismissed with prejudice insofar as they merely repeat claims that Chief Judge Mukasey's Order had dismissed. The Court does, however, grant Velez limited leave to amend for a second time as to the assault claim discussed below.

## A.  HAYES:   DELIBERATE  INDIFFERENCE  TO  MEDICAL  NEEDS

■ Judge Mukasey's Order barred Velez from continuing to assert any claims against Hayes. Although Velez was granted leave to amend the claim that he was denied medical attention, this leave was specifically allowed only "[t]o the extent [Velez] is alleging that the MCC medical staff denied plaintiff adequate treatment." (Dismissal Order at 11.) Velez may not continue to pursue any claims against Hayes because all such claims were clearly disposed of by Judge Mukasey's determination that they were barred by absolute judicial immunity. Contrary to the Dismissal Order, Velez persists in stating frivolous claims against Hayes.

Judge Mukasey found that the acts Velez complained of "were performed in [Hayes's] judicial capacity, and plaintiff's claims are foreclosed by absolute judicial immunity and must be dismissed." (Dismissal Order at 6.) See also 28 U.S.C. § 1915(e)(2)(b)(iii) (stipulating with respect to proceedings in forma pauperis that "the court shall dismiss the case at any time if the court determines that the action or appeal seeks monetary relief against a defendant who is immune from such relief"). In the Amended Complaint, Velez disregards the finality of Judge Mukasey's ruling and tries to devise a new opening to sue Hayes in his individual capacity. However, his allegations are based on the same acts specified in the Original Complaint. Therefore, Velez may not now attempt to recharacterize these acts as acts performed in Hayes's individual capacity, where Judge Mukasey has already found them to be judicial acts immune from suit.

Moreover, Judge Mukasey did not grant Velez leave to amend his claims against Hayes. Rather, the Dismissal Order specifically dismissed all claims against Hayes entirely and finally. This Court now holds that all claims against Hayes, individually and in his judicial capacity, are dismissed with prejudice.

The Court further denies Velez's motion to bar the Office of the Attorney General from representing Hayes. Hayes is a public officer of New York State and as such is entitled to the representation of the State Attorney General. This motion has no merit.

## B.  KATZ:  CONSPIRACY ACTION

■ Velez also fails to comply with the Dismissal Order insofar as he continues to allege that at trial, Katz conspired with

---

**2.** Hayes has moved for dismissal pursuant to Velez's failure to comply with the Dismissal Order. This Court also has inherent authority to dismiss an action for failure of a plaintiff to comply with an order of court. See Fed. R.Civ.P. 41(b); Hernandez v. Supreme Court of New York County, No. 96 Civ. 4160, 1997 WL 582879, at *1 (S.D.N.Y. Sept.18, 1997).

Velez's co-defendants to deprive Velez of his constitutional rights and "inferred" that Velez should offer Katz and Hayes a bribe to resolve his case. (Am.Compl.¶¶ 5, 44.) Judge Mukasey's Order clearly dismissed Velez's allegations against Katz. The leave to amend did not include any claims against Katz.

As Judge Mukasey's Dismissal Order noted, § 1983 requires a showing that the defendant acted under color of state law, which generally does not apply to private actors. *See Rendell–Baker v. Kohn*, 457 U.S. 830, 838–42, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982). Although a private actor can be found liable under § 1983 if found to be working in concert with officials whose activities are under color of state law, Velez has failed to adequately allege any conspiracy between Katz and any state actors. Complaints alleging only vague or conclusory accusations and no specific facts of wrongdoing are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams,* 490 U.S. 319, 325, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (construing statute now codified at 28 U.S.C. § 1915(e)(2)(B)).

Although his allegations concerning Katz in both the Original and Amended Complaints are equally vague, the Court does not even reach this analysis because Velez was not granted leave to amend. Accordingly, all claims against Katz, already having been dismissed, may not be included in any future amended complaint.

In light of this dismissal, Velez's motion for a default judgment against Katz is denied as moot.

## C. *ALLEGATIONS RELATED TO ARREST, PROSECUTION, & CONVICTION*

■ Not only did the Dismissal Order dispose of all conspiracy claims against Katz, it did not grant Velez leave to amend in order to assert any conspiracy claims related to his arrest, prosecution, and conviction. (*See* Dismissal Order at 4.) Nevertheless, Velez continues to allege conspiracy claims against several defendants in his Amended Complaint. Velez's allegations of conspiracy continue to entail challenges to his arrest, prosecution, and conviction. Federal law bars consideration of damages for such challenges where the underlying conviction has not been invalidated or otherwise judicially called into question, as by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); 28 U.S.C. § 2254. Thus, any claims challenging Velez's arrest, prosecution, and conviction are now formally dismissed with prejudice.

## D. *ASSAULT CLAIMS AGAINST POLICE OFFICERS*

■ The Dismissal Order granted Velez leave to amend his allegations of assault. The original claim was liberally construed as a civil rights action under § 1983 because Velez alleged that police officers injured him during his arrest. Velez was directed to provide greater detail concerning the assault, including a description of "all facts that led to his injuries, including how he was injured, the officers responsible for his injuries, and the injuries sustained." (Dismissal Order at 9.) The Court finds that Velez has failed to comply with this Order. Only two of the defendants named in the Amended Complaint are actually said to have been personally involved in the assault. (Am. Compl. at ¶ 36.) However, the Court agrees with Judge Mukasey's determination that there may be a discernible assault claim buried in Velez's many vague and conclusory allegations. Therefore, Velez is granted leave to amend his complaint for a second time to provide further detail of the alleged

assault. He must eliminate any and all claims unrelated to the assault and provide further factual particulars as specified below. Failure to comply with this Order will result in dismissal with prejudice.

### E. *LEAVE TO AMEND COMPLAINT FOR A SECOND TIME*

The Court grants Velez limited leave to amend his complaint for a second time to include only his claims related to the alleged assault.[3] However, in order for this claim to avoid dismissal, Velez must provide more factual assertions regarding each officer's personal involvement in the alleged assault, to the extent of Velez's knowledge and belief.

Velez should take note that continued general and conclusory allegations of conspiracy will not constitute an adequate basis for naming an individual officer as a defendant. If Velez cannot explain how a particular defendant was personally involved in the alleged assault, that defendant will be dismissed from any second amended complaint with prejudice.

### III. *ORDER*

For the reasons set forth above, it is hereby

**ORDERED** that the motion of defendant Roger Hayes ("Hayes") to dismiss the complaint of plaintiff Michael–Tony Velez ("Velez") is granted, and all claims asserted against Hayes in Velez's Amended Complaint are dismissed with prejudice; it is further

**ORDERED** that Velez's Motion as a Matter of Law to Release Counsel of defendant Hayes is denied; it is further

**ORDERED** that all claims against defendant H. Hershel Katz ("Katz") are dismissed with prejudice; it is further

**ORDERED** that Velez's motion seeking default judgment against defendant Katz is denied as moot; it is further

**ORDERED** that all claims related to Velez's arrest, conviction, or incarceration are dismissed with prejudice; it is further

**ORDERED** that the remainder of Velez's Amended Complaint is dismissed without prejudice; it is further

**ORDERED** that Velez may submit a second amended complaint to this Court in compliance with this Order within thirty (30) days of his receipt of this Order, or in any event, by January 10, 2005. Such complaint must be captioned as "SECOND AMENDED COMPLAINT" and bear docket No. 04 Civ. 1306. The second amended complaint may only address Velez's allegations of assault in violation of 42 U.S.C. § 1983; and it is finally

**ORDERED** that if Velez fails to submit a second amended complaint within thirty (30) days of his receipt of this Order, or in any event, by January 10, 2005, or if the second amended complaint fails to comply with this Order, his entire complaint will be dismissed with prejudice.

The Clerk of Court is directed to close this case, provided that the case will be reopened if Velez submits a second amended complaint in compliance with this Order.

**SO ORDERED.**

---

**3.** The Dismissal Order also granted Velez limited leave to amend his complaint in order to make any allegations of deliberate indifference to medical needs by parties other than Hayes. The Amended Complaint contains none of these allegations. Thus, the Court has no occasion to examine their sufficiency or compliance with the Dismissal Order.